**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**PETELO LOLESIO, Defendant**

High Court of American Samoa
Trial Division

CR No. 17-96

April 26, 1996

24

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
 For Defendant, Reginald E. Gates, Public Defender

Order Dismissing Contempt Citation:

We will use the opportunity of this case to clarify the interplay between two directives on arrest procedures.

On March 22, 1996, at 2:00 p.m., at the public defender's request, the court issued an order requiring the commissioner of public safety and warden of the correctional facility to show cause why they should not be held in contempt of court for the failure of police or correctional personnel to bring Petelo Lolesio before the next sitting of the district court following his warrantless arrest, as prescribed by T.C.R.Cr.P. 5(c).

## Facts

Lolesio was arrested without warrant on the night of March 21, 1996, a Thursday, and taken to the correctional facility. The district court sat Friday morning, March 22, but Lolesio was not there. Authorities at the correctional facility refused the public defender's demand that he be brought before the district court that day. He was not formally charged with any criminal offense and was released from the correctional facility about 3:15 p.m. Friday, some 17 hours after his arrest.

Since neither issue was raised, we assume for our discussion that Lolesio was lawfully arrested and held for his own or the public's safety.

## Discussion

T.C.R.Cr.P. 5(a) requires that "any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the next sitting of the district court." Lolesio claims that the commissioner and warden are guilty of contempt of court for the failure of the department of public safety personnel to comply with this rule. In turn, the commissioner and warden point out that A.S.C.A. § 46.0807(b), dealing with arrest without a warrant, states that "Nothing in this section may be so construed as to prevent the detention for not to exceed 24 hours of any person lawfully arrested by a police officer when the arresting officer deems the same necessary for the safety of the person arrested or the public."

25

■ "Court rules are subservient to statutes, and in case of conflict the statute . . . prevails . . . ." 21 C.J.S. § 170, at 263 (1940 & Supp. 1985); *ASG v. Falefatu,* 17 A.S.R.2d 114, 119-21 (Trial Div. 1990), *aff'd* 20 A.S.R.2d 127 (App. Div. 1992). However, we read the two procedural directives in question, Rule 5(a) and § 46.0807(b), as serving different purposes. Rule 5(a) is meant to apply when a person is arrested and it is contemplated that he will be charged with a crime. Section 46.0807(b), on the other hand, contemplates the situation where a person is arrested and needs to be held for some period of time for his own safety or to protect the public safety, but will not be charged with a crime. Because the rules are not inconsistent, we interpret them according to the explicit language of each.

If a person is arrested and held to protect his safety or the public safety, he cannot be held longer than 24 hours, regardless of whether that time period expires on a weekday, weekend, or holiday. If a person is arrested and is going to be charged, the terms of Rule 5(a) make clear that the person may be held for longer than 24 hours if the next sitting of the district court is not within 24 hours. This would occur, for example, if a person is arrested Friday night and the court does not sit again until Monday.

■ Each rule, standing alone, is reasonable and does not violate a person's due process rights. It is reasonable to believe that a person lawfully arrested may need to be held up to the full 24 hours without formal prosecution, because he is endangered or poses a threat to public safety, even if the district court sits before then. There is no point in bringing a person before the district court who will not be charged. Nor is there any logic in releasing a person prior to 24 hours when he is still legitimately held for safety reasons, simply because the district court has sat within a shorter time frame.

■ However, if an arrestee is held for longer than 24 hours without being brought before the district court and charged, and if he can show that police personnel never intended to prosecute him, he has remedies for a violation of his due process rights. Contempt proceedings might also be appropriate in this situation. Otherwise, they are not.

The commissioner is, of course, ultimately responsible for compliance with § 46.0807(b) by police personnel. He can make a material difference with effective procedures for daily review and evaluation by higher authority of arresting officers' decisions and any continuing safety necessity to hold detainees under the 24-hour edict.

Order

26

Because Lolesio has neither alleged nor established any violation of the arrest, safety and time-limit criteria allowing him to be held in custody under § 46.0807(b), and Rule 5(a) is inapplicable to the present situation, the contempt citation is dismissed.[1]

It is so ordered.

---

[1] We could also dismiss these proceedings for the lack of an affidavit in support of the order to show cause, as required by H.C.R. 114. In fact, we probably should not have issued the order in the first place for that reason. However, we chose to overlook this deficiency in view of the possible exigent situation when this proceeding was commenced and in the interests of providing the public defender and other criminal defense counsel, along with law enforcement authorities, definitive reference on the construction of Rule 5(a) and § 46.0807(b). We will not treat this basic oversight so leniently in the future.